En el Tribunal Supremo de Puerto Rico

| In Re | Querella |
|-------|----------|
| Santiago Guzmán Esquilín | 98TSPR142 |

Número del Caso: CP-97-11

Abogados de la Parte Querellante:  Hon. Carlos Lugo Fiol
                                   Procurador General
                                   Lcda. Ivonne Casanova Pelosi
                                   Procuradora General Auxiliar

Abogado de la Querellada: Por Derecho Propio

Fecha: 10/23/1998

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Santiago Guzmán Esquilín

CP-97-11

PER CURIAM

San Juan, Puerto Rico, a 23 de octubre de 1998

El Lcdo. Santiago Guzmán Esquilín fue admitido a la práctica de la abogacía el 20 de mayo de 1975 y de la notaría el 9 de junio de ese mismo año.

Por entender que el licenciado Guzmán Esquilín había incurrido en conducta reñida con los Cánones de Ética Profesional, el 16 de enero de 1997 el Tribunal de Primera Instancia, Sala Superior de San Juan, ordenó la transcripción de evidencia de una vista celebrada en el caso <u>Ex Parte Flora Velázquez Pérez</u>, Civil Núm. KJV85-4597 y su remisión al Tribunal Supremo. El 21 de febrero de 1997 le enviamos copia del expediente al Procurador General para estudio e

informe.  El 19 de agosto de 1997 el Procurador General presentó su Informe.  El 21 de agosto de ese año concedimos un término al licenciado Guzmán Esquilín para que se expresara sobre el mismo.  El 9 de septiembre éste presentó su réplica al Informe y el 24 de octubre de 1997 ordenamos la presentación de la querella.

El 5 de noviembre de 1997, el Procurador General presentó una querella mediante la cual le imputó al licenciado Guzmán Esquilín haber violado los Cánones 18 y 35 de Ética Profesional, 4 L.P.R.A. Ap. IX.  Estos, en lo pertinente, le imponen a un abogado la obligación de: evitar cometer engaño y defender las causas de sus clientes dentro de los límites de la ley; ser sincero y honrado ante los tribunales; únicamente utilizar en la defensa de los derechos de sus clientes medios que sean consistentes con la verdad; y no inducir al juzgador a error utilizando una falsa relación de hechos.

Contestada la querella, designamos al ex Juez Superior, Hon. Enrique Rivera Santana, como Comisionado Especial para atender ésta.  El 6 de julio de 1998, el Comisionado Especial rindió su Informe en el cual hizo una detallada relación de los hechos que dieron base a la querella.  A continuación haremos un breve resumen de los mismos.

Don Vicente Avilés Rivera y doña Flora Velázquez Pérez se casaron el 2 de octubre de 1937.  Durante su matrimonio procrearon dos hijos, Manuel y José Abraham, ambos de apellido Avilés Velázquez.  Estos premurieron a don Vicente,

quien falleció el 23 de julio de 1985. Manuel había procreado una hija, Clarimar Avilés Martínez, y José Abraham tres hijos, José Abraham, Ivette y José Manuel. Todos estos nietos de don Vicente vivían a la fecha de la muerte de éste.

Los padres del licenciado Guzmán Esquilín vivieron en el mismo vecindario que don Vicente y doña Flora, razón por la cual, desde su niñez, éste los conocía y también conocía a los dos hijos de éstos, Manuel y José Abraham. Aún después que se casó y mudó del barrio, en las visitas que hacía a sus padres, continuó teniendo contacto con la familia de don Vicente y doña Flora.

Al morir don Vicente, su viuda, doña Flora, solicitó los servicios profesionales del licenciado Guzmán Esquilín para que le tramitara la declaratoria de herederos. Este preparó y, como abogado de la peticionaria, suscribió la petición de declaratoria de herederos que fue juramentada por doña Flora. El querellado actuó como notario en el juramento de esta petición. Tanto el juramento como la petición tienen fecha de 17 de septiembre de 1985. La petición se presentó ante el entonces Tribunal Superior, Sala de San Juan, Caso Civil Número KJV 85-4597, <u>Ex Parte Flora Velázquez Pérez</u>, sobre Declaratoria de Herederos.

En la petición se hizo constar que a la fecha de la muerte de don Vicente, éste estaba casado con doña Flora y que en dicho matrimonio "no procrearon hijos" (segundo párrafo 2 de la Petición). Esta afirmación es falsa y así le constaba tanto al querellado licenciado Guzmán Esquilín como

a la peticionaria doña Flora.  En la petición no se nombraron ni incluyeron los nietos de don Vicente y doña Flora.

Cabe señalar que cuando murió Manuel, hijo de don Vicente y doña Flora y padre de Clarimar, la madre de esta última instó una demanda[1] y fue representada por el querellado.  Esto ocurrió antes de la muerte de don Vicente, abuelo de Clarimar.  Otros dos nietos de don Vicente, Ivette y José Abraham, también indicaron que conocían al querellado desde hacía alrededor de quince años (Ivette) y doce años (José Abraham).  Tanto Clarimar como Ivette y José Abraham expresaron que aunque lo conocían, no habían tenido mucha relación con él.

Al momento de la muerte de don Vicente, éste y doña Flora eran dueños de una casa de madera localizada en la Barriada Jerusalén del Barrio Sabana Llana de Río Piedras. Doña Flora interesaba mejorar la casa haciéndola de cemento, para lo que tenía que tramitar un préstamo ofreciendo la casa como garantía.  En su declaración jurada, doña Flora afirmó que fue para facilitar el trámite de este préstamo que no hizo mención de los nietos en la petición para declaratoria de herederos e hizo constar que no procreó hijos con su finado esposo.  Tampoco ella le informó al querellado sobre sus nietos.  De otra parte, éste aceptó esta afirmación como buena sin que de la prueba surja que inquiriera sobre la posibilidad de que los hijos premuertos de don Vicente dejaran descendencia.

---

[1] Del Informe no consta la naturaleza de esta demanda.

Doña Flora obtuvo el préstamo y mejoró la casa, haciéndola de cemento. Alrededor de once años después de la muerte de don Vicente, la vendió a don Francisco Rivera Vigo y su esposa Marisol Encarnación Pimentel, mediante la Escritura Pública Número 9, otorgada en San Juan, Puerto Rico, el 22 de junio de 1996, ante el Notario Público Florentino Machargo Barreras. La venta se hizo aplazando parte del precio convenido. Luego de la venta doña Flora se trasladó a vivir a los Estados Unidos. El nuevo dueño de la propiedad pasó a ocupar la misma.

Cuando los nietos de doña Flora y don Vicente se enteraron que la casa estaba siendo ocupada por otra persona fueron a investigar. Así fue que se enteraron que la propiedad había sido vendida. Los nietos consiguieron los servicios de un abogado, el que, luego de hacer la investigación de rigor, instó una demanda de nulidad de escritura, Caso KAC 96-1123, y una solicitud pidiendo que se enmendara la Resolución sobre la declaratoria de herederos de don Vicente, a los fines de que se incluyera a los nietos como herederos del finado, Caso KJV 85-4597, ambas en el Tribunal Superior, Sala de San Juan. En la vista señalada por el tribunal para atender este asunto, efectuada el 16 de enero de 1996, se dio constancia de un escrito remitido por doña Flora ofreciendo excusas al tribunal, indicando las razones que tuvo para que la declaratoria se hiciera de la manera en que se hizo, e informando no tener objeción a que se enmendara la resolución sobre la declaratoria de

herederos. El Tribunal Superior, por voz del Hon. Arnaldo López Rodríguez, levantó una extensa minuta de la vista, ordenó transcribir los incidentes y dispuso que se notificara la transcripción a la Fiscalía de Distrito y al Tribunal Supremo.

El licenciado Guzmán Esquilín se enteró de la venta de la casa cuando una de las nietas de don Vicente, Clarimar, fue a su oficina a inquirirle al respecto. El le indicó que no sabía nada sobre la venta, ya que no había intervenido en esas gestiones. No le entregó copia de la resolución sobre la declaratoria de herederos. No obstante, trató de localizar, y en efecto localizó a doña Flora en Estados Unidos. Ella entonces envió, a través de él, el escrito pidiendo excusas al tribunal. También envió otro documento autorizando que el balance del precio aplazado de la venta de la casa se distribuyera entre sus nietos, Clarimar, Ivette, José Manuel y José Abraham. Así se llegó a un acuerdo que se formalizó mediante una estipulación que se presentó en el Caso KAC 96-1123, del Tribunal Superior, Sala de San Juan. Mediante esta estipulación los demandantes en ese caso, los nietos de don Vicente, se dieron por satisfechos de su reclamación en la herencia de su abuelo, reconociendo haber recibido el pago de la suma de $18,000.00. Otorgaron una escritura pública cediendo sus derechos en la propiedad objeto de la controversia a favor de la persona a quien doña Flora había vendido la misma.

El Procurador General y el querellado estipularon que el licenciado Guzmán Esquilín no recibió beneficio económico alguno por los hechos que se alegan en la querella. Los herederos de don Vicente indicaron que su participación en la herencia fue satisfecha y que están conformes con el pago recibido. Expresaron no tener interés alguno en la querella que se sigue en contra del querellado licenciado Guzmán Esquilín.

Del Informe del Comisionado Especial surge con meridiana claridad que el licenciado Guzmán Esquilín mintió al suscribir una petición de declaratoria de herederos en la que hizo constar que Don Vicente y Doña Flora no habían procreado hijos dentro de su matrimonio cuando le constaba que esto no era cierto. Además, aún presumiendo que no tenía conocimiento de la existencia de descendencia de los nietos de don Vicente, incumplió con su deber de asegurarse que en la petición se incluyeran todos los hechos pertinentes, en esta ocasión todos los herederos, para evitar así inducir al tribunal a error, como de hecho ocurrió.

La mentira, aunque no se incurra con propósitos de lucrarse económicamente, degrada el carácter y envilece el espíritu; es antítesis de la conducta recta y honorable que el Código de Ética Profesional exige de todo abogado. El compromiso de un abogado con la verdad debe ser siempre incondicional.[2] El hecho de que no se hizo con intención de

---

[2]    In re: Antonio Filardi Guzmán, P.C. de 23 de enero de 1998, 144 D.P.R._____ (1998), 98 J.T.S. 3; In re: Ramos y Ferrer, 115 D.P.R. 409 (1984).

lucrarse no justifica una mentira u omisión que induzca a cualquier tribunal a error.

Un abogado debe defender los derechos de sus clientes "diligentemente desplegando en cada caso su más profundo saber y habilidad" y actuando siempre dentro del marco de la ley. La Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, especifica que la firma de un escrito por un abogado equivale a certificar que ha leído el escrito y que de acuerdo a su mejor conocimiento, información y creencia, está bien fundado. La violación de esta Regla podrá dar lugar a la imposición de sanciones en su contra. El licenciado Guzmán Esquilín violentó esta disposición, y al así hacerlo, indujo al tribunal a error y obligó a unas personas, en este caso los nietos de don Vicente, a recurrir a los tribunales para evitar que sus derechos quedaran perjudicados.

Lo anteriormente expuesto demuestra que el licenciado Guzmán Esquilín violentó además, los postulados de los Cánones 18 y 35 y la Regla 9 de Procedimiento Civil.

Por todo lo antes expuesto y tomando en consideración como atenuante que el licenciado Guzmán Esquilín no se lucró de las actuaciones antiéticas en que incurrió, se le suspende de la profesión de abogado por el término de un año y hasta que otra cosa disponga este Tribunal. Se ordena al Alguacil General de este Tribunal que proceda a la incautación de la obra notarial del licenciado Guzmán Esquilín.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Santiago Guzmán Esquilín

                              CP-97-11

                              SENTENCIA

San Juan, Puerto Rico, a 23 de octubre de 1998

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede y tomando en consideración como atenuante que el licenciado Guzmán Esquilín no se lucró de las actuaciones antiéticas en que incurrió, se dicta sentencia suspendiéndolo de la profesión de abogado por el término de un año y hasta que otra cosa disponga este Tribunal.

        Se ordena al Alguacil General de este Tribunal que proceda a la incautación de la obra notarial del licenciado Guzmán Esquilín para el trámite de rigor correspondiente por la Directora de la Oficina de Inspección de Notarías. Además, se ordena al Alguacil de este Tribunal que notifique personalmente al Lcdo. Santiago Guzmán Esquilín de lo aquí determinado.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Negrón García hacen constar que suspenderían al licenciado Guzmán Esquilín indefinidamente.


                              Isabel Llompart Zeno
                              Secretaria Tribunal Supremo