EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
| Pedro Juan Semidey Morales | 2000 TSPR 118 |

Número del Caso: CP-1995-0014

Fecha: 03/julio/2000

Oficina del Procurador General:

Lcdo. Héctor Clemente Delgado
Procurador General Auxiliar

Abogado de la Parte Querellada:

Lcdo. Eric Pagani-Padró

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Pedro Juan Semidey Morales     CP-95-14          CONDUCTA
                                                 PROFESIONAL

PER CURIAM

San Juan, Puerto Rico a 3 de julio de 2000.

En innumerables ocasiones hemos aseverado, en relación con casos de conducta profesional, que "...este Tribunal no está obligado a aceptar el informe de un Comisionado Especial; esto es, podemos adoptar el mismo, modificarlo e, inclusive, rechazarlo." In re: López de Victoria, 135 D.P.R. 688 (1994).[1]

El presente caso es uno en que nos vemos impedidos de aceptar, en su totalidad, las determinaciones de hechos que realizara el Comisionado Especial que designáramos para que presidiera la vista evidenciaria correspondiente y

---

[1] Véase, además: In re: Soto López, 135 D.P.R. 642 (1994); In re: Guzmán Esquilín, res. el 23 de octubre de 1998, 98 TSPR 142.

recibiera la prueba que tuvieran a bien presentar las partes en la misma. Somos del criterio que dichas determinaciones de hechos --examinadas las mismas a la luz de la totalidad de la prueba presentada y del expediente del caso-- son un tanto incompletas y hasta erróneas en ciertos aspectos, <u>causando las mismas una impresión y/o interpretación errónea de la situación y de lo verdaderamente ocurrido en el caso.</u>[2] Veamos.

I

El presente caso curiosamente tuvo su origen con una queja que ante este Tribunal presentara el señor Tomás Villarín Gerena contra la Lcda. Idalia N. León Landrau. Examinada dicha queja, <u>declinamos</u> ejercer nuestra jurisdicción disciplinaria en relación con la Lcda. León Landrau. <u>Ello no obstante</u>, remitimos el asunto a la Oficina del Procurador General de Puerto Rico para que éste realizara "...la correspondiente investigación e informe a este Tribunal <u>respecto a la conducta profesional del Lcdo. Pedro Juan Semidey Morales en este caso</u>". (Énfasis suplido.)

El Procurador General, en cumplimiento de la referida encomienda, rindió el correspondiente informe, en el cual

---

[2] En cierto sentido, la situación a la que nos enfrentamos cae bajo la norma jurisprudencial a los efectos de que rechazaremos aquellas determinaciones de hechos, realizadas por un tribunal de instancia, cuando las mismas no representen el balance más racional, justiciero y jurídico de la totalidad de la evidencia que desfilara ante el referido tribunal. <u>Rivera Pérez</u> v. <u>Cruz Corchado</u>, 119

nos informó que, a su juicio, la investigación realizada revelaba que el Lcdo. Semidey Morales había incurrido en conducta contraria a las disposiciones de los Cánones 19, 21 y 34 de los de Etica Profesional. Una vez escuchada la reacción del referido abogado al mencionado informe, <u>autorizamos</u> al Procurador General a radicar la correspondiente "querella" contra el Lcdo. Semidey Morales.

En la misma, el Procurador General le imputó al Lcdo. Semidey Morales la supuesta comisión de tres (3) violaciones a los Cánones de Etica Profesional, a saber:

### "PRIMER CARGO

El licenciado Pedro Juan Semidey Morales incurrió en conducta impropia contraria al Canon 19 de Etica Profesional, <u>ante</u>, que impone a los abogados el deber de mantener a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. El querellado mantuvo a los señores Eulogio y Felicita Flores Fonseca en estado de total incertidumbre con respecto a los incidentes acaecidos en la Petición de Declaratoria de Herederos que para beneficio de éstos presentó ante el foro judicial, desatendiendo los reclamos de éstos para que se les orientara sobre el particular. La actitud del referido abogado produjo en sus clientes tal estado de confusión que éstos se vieron precisados a obtener los servicios profesionales de una abogada para que los asesorara y les brindara ayuda, en vista del desconocimiento de éstos de la naturaleza del trámite judicial; su bajo nivel de escolaridad; y avanzada edad.

### SEGUNDO CARGO

El licenciado Pedro Juan Semidey Morales incurrió en conducta impropia contraria al Canon 21 de Etica Profesional, <u>ante</u>, que impone a los abogados un deber de lealtad completa para con sus clientes y prohibe asumir la representación

---

D.P.R. 8 (1987); <u>Ramos Acosta</u> v. <u>Caparra Dairy</u>, 113 D.P.R. 357 (1982).

de intereses encontrados. El querellado, a pesar de haber asumido la representación de los señores Eulogio y Felícita Flores Fonseca en el antes referido trámite sobre Declaratoria de Herederos, presentó una reclamación judicial relacionada precisamente con los bienes que componían dicha herencia a favor de una empresa que reclamaba tener interés y participación en los referidos bienes. Los señores Flores Fonseca y dicha empresa tenían intereses encontrados, lo cual creó un conflicto de lealtades insalvables.

TERCER CARGO

El licenciado Pedro Juan Semidey Morales incurrió en conducta impropia contraria al Canon 34 de Etica Profesional, ante, al recibir honorarios por sus servicios profesionales de una empresa dedicada a investigar posibles fuentes para la presentación de reclamaciones judiciales. El querellado obtuvo de la referida empresa beneficios económicos al representar a través de ésta al señor Flores Fonseca. También brindó a ésta asesoramiento y asistencia legal, colaborando además en la operación de la misma, al permitir el uso de facilidades de su oficina de abogado para la realización de trámites relacionados con dicha empresa."

Habiendo contestado el Lcdo. Semidey Morales la referida querella, designamos al ex-Juez Superior José F. Rodríguez Rivera como Comisionado Especial en el caso.[3]

_____

[3] En la Resolución que, a esos efectos, emitiéramos expresamos, en lo pertinente, que:

"Vista la querella presentada por el Procurador General de Puerto Rico y la contestación dada a ésta por el Lcdo. Pedro Juan Semidey Morales, se nombra al Hon. José Rodríguez Rivera, para que en presencia de las partes y en calidad de Comisionado Especial oiga y reciba la prueba que éstas puedan presentarles, debiendo los testigos declarar bajo juramento.

Si alguna prueba fuera objetada, la misma será admitida, haciéndose constar los fundamentos de las objeciones que se presenten en el acto mismo, y una vez que toda la prueba fuere

Posteriormente, y a solicitud del Procurador General, autorizamos a éste a radicar una querella enmendada, consistiendo la enmienda en la adición de un cuarto cargo por violación a las disposiciones del Canon 38 de Etica Profesional, a saber:

> "El licenciado Pedro Juan Semidey Morales incurrió en conducta impropia contraria al Canon 38 de Etica Profesional, <u>ante</u>, el cual prohíbe hasta la apariencia de conducta impropia por parte de un abogado. En el presente caso las actuaciones del licenciado Semidey Morales no solo constituyen conducta impropia, sino que también revelan una apariencia de irregularidad en términos de su relación con H.M. Enterprises <u>vis a vis</u> sus obligaciones como abogado de los señores Flores Fonseca. Su curso de acción da base para cuestionar la legitimidad de los motivos que tuvo el querellado para no incluir a estos como parte demandante en la demanda que radicó en contra del Departamento de la Vivienda. Arroja además serias dudas sobre la integridad profesional de dicho abogado el hecho de que éste compareciera ante el tribunal en representación de los señores Flores Fonseca como un mero subterfugio para la vindicación de los intereses económicos de H.M. Enterprises y las personas naturales que operaban la misma."

Celebrada la correspondiente vista evidenciaria ante el Comisionado Especial, éste rindió el Informe que le fuera requerido por el Tribunal. En el mismo, el Comisionado se limitó a realizar unas determinaciones de hechos, absteniéndose de hacer recomendación alguna.

---

> practicada será el deber del Comisionado Especial certificarla debidamente y radicarla en la Secretaría de este Tribunal con sus conclusiones de hecho. El Secretario y el Alguacil de este Tribunal auxiliarán al Comisionado Especial en esta encomienda, debiendo éste señalar vista a la brevedad posible.
> ...."

El Lcdo. Semidey Morales prontamente radicó una moción en solicitud de la desestimación de la querella contra él presentada. Le concedimos término al Procurador General para que reaccionara en relación al informe del Comisionado Especial y a la moción de desestimación antes mencionada. Así lo hizo éste, <u>reafirmándose</u> en su contención de que el Lcdo. Semidey Morales incurrió en conducta violatoria de los Cánones de Etica Judicial.

Resolvemos.

## II

Conforme ello surge tanto de las determinaciones de hechos formuladas por el Comisionado Especial como de la prueba documental presentada por las partes, y admitida por el Comisionado Especial, como del expediente del caso, los hechos incuestionables acaecidos en el presente caso son las siguientes:

La "entidad" denominada como H. M. Enterprises, fundada u operada por Tomás Villarín Guerra y Andrés Herrera Domínguez, la cual <u>ni</u> es una corporación <u>ni</u> una compañía o sociedad legalmente constituida, se dedica a localizar personas en Puerto Rico que puedan tener algún derecho a reclamar una herencia ––constituyendo su principal fuente de información a esos efectos los edictos o información que aparecen en los distintos rotativos de circulación general en nuestra Isla–– con el propósito de "ayudarles" a gestionar la misma.

Esto es, una vez esta "empresa" identificaba a la persona que podría tener derecho a reclamar una herencia, hacía contacto con la misma, ofreciéndole a ésta los servicios de su empresa para reclamar la herencia, cobrándosele por ello determinado por ciento del total de la suma de dinero que se obtuviera y facilitándose, incluso, los servicios de un abogado a esos fines.

En el caso específico que ocupa nuestra atención, H. M. Enterprises identificó a los hermanos Eulogio y Felicita Flores Fonseca como posibles herederos de una herencia proveniente de una hermana de padre de éstos de nombre Mercedes Ortiz Flores. Villarín Guerra visitó a los hermanos Flores Fonseca, los cuales no saben ni leer ni escribir y son personas de edad avanzada, suscribiendo un acuerdo con éstos, el cual establece que:

> "Por la presente se acuerda que la Compañía H. M. Enterprises me represente <u>en todos los procedimientos judiciales y extrajudiciales con relación a mi caso de herencia</u>. Me comprometo a pagar a H. M. Enterprises <u>el treinta y tres por ciento (33%) más gastos del monto total que por tal concepto de herencia se reciba</u>. De no recibirse nada, nada deberé a H. M. Enterprises."
> (Enfasis suplido.)

Por razón de no saber leer ni escribir los hermanos Flores Fonseca, al final del referido acuerdo aparecen las huellas, y una cruz, como señal o evidencia del acuerdo suscrito por éstos a los efectos antes mencionados. Con posterioridad a ese momento, los hermanos Flores Fonseca recibieron una segunda visita de Villarín Guerra. En esta ocasión, éste fue a su hogar acompañado por el abogado

querellado, Pedro Juan Semidey Morales, y por el abogado notario Luis Antonio Pabón Rojas. Este último notarizó la petición sobre declaratoria de herederos que suscribieron los hermanos Flores Fonseca, <u>la cual fue tramitada</u> por el querellado Semidey Morales; habiéndose acordado entre el referido abogado y Villarín Gerena que éste sería el que le pagaría directamente los honorarios de abogado por dicho trabajo, honorarios que ascendieron a la suma de $200.00.

El tribunal de instancia emitió la correspondiente resolución en el caso de declaratoria de herederos, decretándose en la misma que los hermanos Flores Fonseca eran los únicos y universales herederos de los bienes de la causante Ortiz Flores, herencia que ascendió a la suma de $49,008.36.

Transcurrido algún tiempo, durante el cual los hermanos Flores Fonseca no tuvieron noticia alguna respecto a sus asuntos hereditarios de parte del querellado Semidey Morales, dichos hermanos "contrataron" a la Lcda. Idalia N. León Landrau para que, en su representación, se comunicara con el querellado, contestando éste que su cliente lo era H.M. Enterprises y no los hermanos Flores Fonseca. En vista a ello, la Lcda. León Landrau asumió la representación de los hermanos Flores Fonseca.

Resulta necesario señalar, por último, que el querellado Semidey Morales presentó una demanda contra el Departamento de la Vivienda ante el Tribunal Superior, Sala de San Juan, <u>en representación de Tomás Villarín Guerra y</u>

Andrés Herrera Domínguez, haciendo negocios como H. M.

Enterprises.[4] En dicha demanda, dichas personas reclamaban

la entrega de la herencia de la difunta Ortiz Flores, la

cual pertenecía a los hermanos Flores Fonseca.

Objetivamente expuestos, esos son los hechos que, en

síntesis, sirven de base a la querella radicada contra el

abogado Semidey Morales.[5]

_____

[4] La difunta Ortiz Flores falleció encontrándose albergada en unas facilidades pertenecientes al Departamento de la Vivienda debido al hecho de que su residencia había sido destruida por un incendio, encontrándose dicho Departamento en posesión de las pertenencias o propiedades de ésta.

[5] Las determinaciones de hechos realizadas por el Comisionado Especial, aun cuando no difieren de manera sustancial con lo anteriormente expuesto, causan --repetimos-- una impresión y/o interpretación errónea de la situación acontecida. En palabras del Comisionado Especial, los hechos son las siguientes:

"1. El querellado Pedro Juan Semidey Morales fue admitido al ejercicio de la abogacía en el Estado Libre Asociado de Puerto Rico el 13 de mayo de 1980 y al notarizado [sic] el 30 de junio del mismo año

2. Para las fechas pertinentes a la querella la entidad conocida como H.M. Enterprises esa [sic] en una empresa o negocio dedicado a investigar y gestionar posibles fuentes para reclamaciones sobre asuntos judiciales, específicamente sobre reclamaciones de herencias, operada por los señores Andrés Herrera y Tomás Villarín.

3. La referida entidad, a través de sus [sic] funcionarios mencionados comenzó gestiones para allegar una herencia a favor de Eulogio Flores Fonseca y la hermana de éste de nombre Felícita Flores Fonseca en relación a una hermana de éstos fallecida. A tales fines se firmó un contrato de servicios profesionales entre la referida entidad y los hermanos Flores Fonseca. Como parte de estas gestiones la empresa le solicitó al querellado Semidey Morales que preparara la petición de Declaratoria de Herederos de dichos hermanos. En esas gestiones Tomás Vallarín se hizo acompañar del querellado y

visitaron a Eulogio Flores Fonseca a fines del año 1992 en su residencia en Caguas. El querellado Semidey Morales le explicó a Eulogio Flores Fonseca sobre la referida petición de declaratoria de herederos, la cual se preparó y radicó en el tribunal. A pesar de que Eulogio Flores Fonseca declaró que no se le leyó el documento, sin embargo, aseveró que el querellado Semidey Morales le preguntó si tenía alguna pregunta sobre la petición. No nos merece crédito la aseveración de que no le leyeron el documento o que desconociera sobre ella.

4. El señor Eulogio Flores Fonseca, a pesar de su extracción humilde y falta de escolaridad, nos lució como un hombre alerta y consciente de la importancia de sus derechos.

5. El testimonio de Eulogio Flores Fonseca sobre la notificación de la resolución de la declaratoria de herederos fue contradictorio. La resolución sobre declaratoria de herederos fue emitida allá para febrero de 1993 y los honorarios del abogado, el querellado Semidey Morales no fueron pagados por los hermanos Flores Fonseca ya que los tratos sobre dicho incidente judicial eran básicamente entre Tomás Villarín y dichos hermanos. Eulogio Flores Fonseca declaró inicialmente que el querellado Semidey Morales no le informó sobre la emisión en el Tribunal de dicha resolución. Sin embargo, declaró también que gestionó con una nieta suya sobre la notificación de la resolución y antes de tres meses, desde que se radicó la petición, recibió copia de la misma. Por otra parte, en su propio testimonio sostuvo que el querellado Semidey Morales le hizo entrega de los documentos de la declaratoria y que nunca se quejó de éste ante ningún foro.

6. La prueba revela que el asunto de la reclamación judicial de la herencia fue atendido y llevado por abogados distintos del querellado Semidey Morales y que nunca se encomendó el asunto al querellado Semidey Morales ni las partes convinieron o trataron en forma alguna sobre ello. El proceso culminó satisfactoriamente recibiendo los hermanos Flores Fonseca la herencia a que tenían derecho. Los aspectos fundamentales sobre el pago de la herencia los hermanos Flores Fonseca fueron atendidos por la licenciada Idalia M. León Landrau, habiendo sido pagados sus honorarios de abogado por dichos hermanos.

En resumen, no hubo prueba de que aquí se trate de una situación de falta de notificación

III

De entrada, entendemos necesario establecer la norma que rige lo acontecido en el presente caso y que, por tanto, resuelve la controversia planteada en el mismo: en nuestra jurisdicción, un abogado <u>no</u> puede evadir los principios y deberes éticos que éste viene obligado a observar respecto a sus clientes --impuestos los mismos por los Cánones de Etica Profesional-- mediante la utilización de esquemas o subterfugios sofisticados; en otras palabras, un abogado no puede reclamar "inmunidad" respecto a la

---

de una gestión judicial encomendada al abogado ni que se causara perjuicio con relación a ello.

7. Una vez el querellado Semidey Morales atendió y concluyó el asunto judicial de la susodicha declaratoria de herederos compareció al tribunal en representación de la entidad H.M. Enterprises, en demanda radicada el 2 de septiembre de 1993, contra el Estado Libre Asociado de Puerto Rico y su Departamento de la Vivienda, en el caso civil número KPE 93-0551 del Tribunal Superior, Sala de San Juan, solicitando mediante interdicto mandatorio que se ordenara a dichos demandados a entregar el caudal relicto que dicha entidad había gestionado a favor de los hermanos Flores Fonseca. Este caso fue finalmente archivado por inactividad bajo la Regla 39.2(b) de Procedimiento Civil mediante sentencia del 30 de agosto de 1994.

8. Conforme a la prueba desfilada las Oficinas del querellado Semidey Morales y las de H.M. Enterprises están en locales separados y tienen direcciones distintas, aparte de que uno de los funcionarios de H.M. Enterprises, el señor Tomás Villarín, declaró que incluyó el teléfono del querellado Semidey Morales en una tarjeta, sin el consentimiento de éste. Declaró, además, Villarín que ambas oficinas conducían sus trabajos en forma independiente y separada, lo cual no fue contradicho en la vista. Básicamente las relaciones en dichas oficinas y el querellado se circunscriben a los fines de este caso, a los incidentes descritos arriba con relación al caso de herencia de los hermanos Flores Fonseca."

aplicación de los referidos Cánones de Etica Profesional alegando, como sostiene el querellado Semidey Morales en el presente caso, que las personas cuyos intereses él representó como abogado en el procedimiento de declaratoria de herederos, y quienes eran los beneficiarios directos de sus gestiones como tal, no eran sus clientes y sí una entidad que había contratado con dichas personas el proveerles servicios legales.

Establecido lo anterior, forzosa resulta la conclusión de que el querellado Semidey Morales violentó las disposiciones del Canon 19 de Etica Profesional por razón de que, siendo sus clientes los hermanos Eulogio y Felícita Flores Fonseca, el querellado venía en la obligación ética de mantener a éstos informados de lo acontecido en su caso, lo que no hizo. Como acertadamente señala el Procurador General en cuanto a este punto, en toda esta situación poca relevancia tiene el hecho de que los honorarios del querellado no fueran satisfechos, de manera directa, por los hermanos Flores Fonseca; lo realmente importante lo es el hecho de que las personas que tenían derecho a la herencia, esto es, las personas con interés en el asunto, lo eran los Flores Fonseca. En consecuencia, era en relación con dichas personas que existía, de parte del querellado, el deber de información quebrantado en el presente caso. In re: Acosta Grubb, 119 D.P.R. 595 (1987); In re: Pagán Ayala, 109 D.P.R. 712 (1980).

La ambivalencia demostrada por el querellado Semidey Morales, en cuanto a quién, o quienes, eran sus verdaderos clientes, nos lleva a considerar si al radicar la demanda, en representación de H.M. Enterprises, en contra del Departamento de la Vivienda en reclamación de la herencia de la occisa Ortiz Flores, el querellado infringió algún otro precepto ético. Contestamos en la afirmativa.

El Canon 19 de los de Etica Profesional le impone al abogado el deber de lealtad hacia sus clientes y les prohibe asumir la representación de intereses encontrados. No albergamos duda alguna sobre el hecho de que, al actuar como lo hizo, el querellado Semidey Morales infringió las disposiciones del citado Canon 19. Ello por la sencilla razón de que, en un momento determinado, el querellado representaba como abogado tanto a los hermanos Flores Fonseca como a H.M. Enterprises en reclamo de la misma herencia; partes que tenían, o podían tener, intereses encontrados.[6]

Por otro lado, esa misma conducta observada por el querellado Semidey Morales --de representar partes distintas con intereses encontrados-- no hay duda resulta violatoria de las disposiciones del Canon 38 de Etica Profesional que prohibe hasta la apariencia de conducta

---

[6] En relación con lo expresado, basta con pensar que muy bien podría alegarse, de parte de los hermanos Flores Fonseca, que el contrato que fue firmado por ellos --personas de edad avanzada que no saben leer ni escribir-- era un contrato que podría resultar inválido.

*impropia* de parte de un abogado. <u>In re: Rojas Lugo</u>, 114 D.P.R. 687 (1983).

Atendido lo anteriormente expresado, y en vista de la seriedad de las violaciones éticas presentes en el caso, somos del criterio que procede decretar la suspensión de la práctica de la profesión de abogado de Pedro Juan Semidey Morales por un periodo de tres (3) meses.

Se dictará Sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Pedro Juan Semidey Morales          CP-95-14          CONDUCTA
                                                      PROFESIONAL

**SENTENCIA**

San Juan, Puerto Rico a 3 de julio de 2000

    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretándose la suspensión inmediata de la práctica de la profesión de abogado de Pedro Juan Semidey Morales por un periodo de tres (3) meses.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río limitaría la sanción a una amonestación. Los Jueces Asociados señor Hernández Denton y señor Fuster Berlingeri no intervinieron.

                              Isabel Llompart Zeno
                              Secretaria del Tribunal Supremo

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Pedro Juan Semidey Morales              CP-95-14          CONDUCTA
                                                          PROFESIONAL


**SENTENCIA**
**(Nunc Pro Tunc)**

San Juan, Puerto Rico, a 13 de julio de 2000.


Se enmienda Nunc Pro Tunc la Sentencia dictada el pasado 3 de julio de 2000 en la Opinión Per Curiam del caso de epígrafe, a los efectos de añadir como segundo párrafo de dicha Sentencia lo siguiente:

"La Oficina del Alguacil de este Tribunal procederá, <u>de inmediato</u>, a incautarse de la obra y sello notarial de Pedro Juan Semidey Morales, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal."


Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Hernández Denton y señor Fuster Berlingeri no intervinieron.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo