EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Mónica Vega Quintana | 2013 TSPR 62 188 DPR ____ |
|---|---|

Número del Caso:     CP-2011-8

Fecha: 29 de mayo de 2013

Abogado del querellado:

        Lcdo. Rubén T. Nigaglioni

Oficina de la Procuradora General:

        Lcda. Irene Soroeta Kodesh
        Procuradora General

        Lcda. Zaira Girón Anadón
        Subprocuradora General

        Lcda. Miriam Álvarez Archilla
        Procuradora General Auxiliar

Comisionado Especial:

        Lcdo. Rafael Flores Díaz

Materia: Conducta Profesional – Censura enérgica por violación al Canon 18 de Ética Profesional.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Mónica Vega Quintana

CP-2011-008

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de mayo de 2013.

La licenciada Mónica Vega Quintana representó legalmente a la querellante Gloria Rodríguez Vilanova en un caso de cobro de dinero presentado por ella en el 2001. En una vista celebrada en abril de 2004, el demandado reconoció la deuda y las partes acordaron que el demandado le pagaría a la demandante Rodríguez Vilanova $800 mensuales hasta pagar la totalidad de la deuda de $50,000. Sin embargo, el demandado nunca firmó la estipulación y su abogado indicó que desconocía su paradero. Así lo informó la licenciada Vega Quintana al Tribunal de Primera Instancia en una moción presentada en octubre de 2004. El 28 de

diciembre de 2004, se celebró una vista y la jueza le ordenó a la licenciada Vega Quintana que sometiera un proyecto de sentencia en un término de 15 días para disponer del caso. La abogada no cumplió con la orden, por lo que la jueza desestimó la demanda sin perjuicio por inactividad, el 10 de mayo de 2005. La Sentencia se notificó a los abogados de las partes el 25 de mayo de 2005.

La señora Rodríguez Vilanova presentó una queja contra su abogada en enero de 2010. Alegó que la licenciada Vega Quintana nunca le informó que habían desestimado su caso y que era evasiva cuando le contestaba las llamadas. Según la señora Rodríguez Vilanova, tras varios meses, su abogada dejó de contestarle las llamadas, por lo que ella acudió al Tribunal a ver el expediente y se enteró de la Sentencia. La clienta señaló que no consiguió a la abogada para que le explicara lo sucedido y le devolviera sus documentos, por lo que acudió a la oficina de la licenciada Vega Quintana, pero la abogada no se encontraba. Indicó que, posteriormente, acordaron por teléfono que la abogada le devolvería el expediente del caso, para que pudiera volver a presentarlo, luego de que la clienta se lo solicitara mediante carta. De acuerdo con lo expresado en la queja, la señora Rodríguez Vilanova envió la carta en agosto de 2009 y su abogada le contestó que se comunicaría con ella para entregárselo, pero a la fecha

de la queja no lo había hecho. La señora Rodríguez Vilanova alegó, además, que la licenciada Vega Quintana nunca le entregó un cheque de $150 que el Tribunal le envió en enero de 2005, luego de que la jueza ordenara a los entonces codemandados pagarle esa cantidad a la demandante como sanción por no comparecer a una vista en octubre de 2003.

En julio de 2010, luego de concedérsele dos prórrogas, la licenciada Vega Quintana contestó la queja. Expresó que tramitó responsablemente todo el caso, pero tuvo problemas para negociar la estipulación que deseaba su clienta y así se lo dejó saber a ésta. Indicó que su comunicación con la clienta había sido excelente hasta que se presentaron las dificultades para la estipulación. La abogada manifestó que le notificó la Sentencia a la señora Rodríguez Vilanova y que intentó comunicarse con ella por teléfono, pero no la consiguió en el residencial y ya no trabajaba en donde había informado. Según la licenciada, como la querellante no se comunicó con ella luego de notificarle la Sentencia, entendió que ya no tenía interés en el caso. No obstante, años más tarde, una empleada de su oficina le informó que la señora Rodríguez Vilanova se había presentado de forma agresiva para hablar con ella. Luego de esa visita, no supo de la clienta hasta el 2009, cuando un abogado la llamó en representación la señora Rodríguez Vilanova para solicitar el expediente del caso. Según la licenciada, le

pidió al abogado que le enviara una solicitud debidamente autorizada por la clienta y le permitiera buscarlo en las cajas de casos cerrados, ya que se había mudado de oficina varias veces. Meses después, recibió la solicitud de parte de la señora Rodríguez Vilanova. De acuerdo con la abogada, no fue sino hasta la fecha de la contestación de la queja que pudo localizar el expediente.

La querellante contestó, en agosto de 2010, para aclarar algunos detalles y reiterar que la abogada dejó de comunicarse con ella. Informó que la licenciada Vega Quintana le había entregado parte del expediente, pero todavía faltaban documentos y el cheque de $150. Se refirió la queja a la Oficina de la Procuradora General para su investigación.

La Procuradora General presentó su informe sobre la queja en enero de 2011. Concluyó que la representación legal ofrecida por la licenciada Vega Quintana fue adecuada hasta diciembre de 2004. No obstante, hizo caso omiso a la orden de someter un proyecto de sentencia y, al saber que desestimaron el caso sin perjuicio, no solicitó reconsideración ni acudió en alzada para defender los intereses de su clienta. Asimismo, determinó que la abogada incumplió su deber de entregar copia del expediente a la clienta cuando le fue requerido, en el 2007 y el 2009. También resaltó que la licenciada actuó con dejadez al no comunicarse con su clienta y asumir que ella había perdido interés en el caso, cuando estaba tan

cerca de terminar con éxito su gestión profesional. Según el informe, la abogada violó los cánones 18 y 19 del Código de Ética Profesional.

La licenciada Vega Quintana contestó el informe. Admitió que no presentó el proyecto de sentencia y dijo que no recordaba por qué no lo hizo. No obstante, informó que, ya que la señora Rodríguez Vilanova todavía estaba a tiempo para volver a presentar su acción personal de cobro de dinero, estaba dispuesta a representarla sin costo alguno.[1] Además, negó que hubiese dejado de contestarle las llamadas a su clienta y aseguró que siempre la mantuvo informada sobre su caso. En cuanto al expediente y el cheque de $150, indicó que el cheque sin cambiar estaba grapado dentro del expediente, el cual no había podido localizar en las cajas de mudanza. Expresó que nunca fue su intención apropiarse de dinero de la clienta y que, debido a que no encontraba el cheque, le ofreció a la señora Rodríguez Vilanova pagarle ella los $150, pero ésta no aceptó. Reiteró ese ofrecimiento. Asimismo, manifestó que la parte del expediente que le devolvió a la clienta contiene toda la evidencia necesaria para volver a presentar el caso.

En abril de 2011, autorizamos que se presentara querella contra la licenciada Vega Quintana por violación a los cánones 18 y 19 del Código de Ética Profesional. En

---

[1] El Código Civil dispone un término prescriptivo de 15 años para presentar esta acción. Art. 1864, Cód. Civ. P.R., 31 L.P.R.A. sec. 5294.

agosto de 2011, la Procuradora General presentó la querella, que incluyó un cargo por violar el Canon 18 debido a su falta de diligencia y un cargo por violar el Canon 19 por no mantener a su clienta informada sobre el desarrollo de su caso.

En su contestación a la querella, la licenciada Vega Quintana reiteró sus alegaciones y pidió disculpas por la inadvertencia suya que conllevó la desestimación del caso sin perjuicio. No obstante, destacó que la desestimación fue la primera y única sanción que impuso el tribunal de instancia por su error, y que la querellante no ha perdido su causa de acción.

Este Tribunal nombró al ex juez Rafael Flores Díaz como Comisionado Especial. Luego de iniciar el procedimiento disciplinario formal, la Procuradora General solicitó enmendar la querella para incluir un cargo adicional por violación al Canon 23, ya que la abogada retuvo el cheque de $150 que le pertenecía a la clienta. La licenciada Vega Quintana se opuso, pues entendía que no había violentado su deber fiduciario, ya que le avisó a la querellante sobre el recibo del cheque, lo grapó al expediente para entregárselo y le ofreció pagarle el dinero cuando el cheque ya no era negociable. Con la anuencia del Comisionado Especial, autorizamos la enmienda en abril de 2012. La querella enmendada se presentó en junio de 2012 y fue contestada por la querellada en julio de ese año. Posteriormente, la

abogada intentó consignar en este Tribunal un cheque de $150 a favor de la querellante, pero no se le permitió.

El Comisionado Especial celebró una vista, en la cual la querellante y la querellada testificaron. Asimismo, se estipularon el expediente del caso de cobro de dinero ante el Tribunal de Primera Instancia y la carta en la cual la señora Rodríguez Vilanova le solicitó su expediente a la abogada. El Comisionado presentó su informe en febrero de 2013. Concluyó que no se infringió el Canon 19 porque la clienta siempre estuvo informada de lo que sucedía con su caso; tampoco se infringió el Canon 23 porque la clienta sabía del recibo del cheque y éste no fue retenido indebidamente por la licenciada Vega Quintana. Expresó que el único cargo que se sostiene con la prueba es el de violación al Canon 18, por haber incumplido la orden del Tribunal de presentar el proyecto de sentencia. No obstante, el Comisionado indicó que, consideradas las circunstancias particulares del caso, esa violación sólo amerita una amonestación. Explicó que debe tomarse en cuenta que el caso se tramitó adecuadamente; que el caso se encontraba sometido, por lo que la obligación de dictar sentencia le correspondía al foro de instancia y la desestimación por supuesta inactividad era improcedente, menos aún como primera sanción, y que la querellada todavía puede presentar su reclamo.

En respuesta al informe del Comisionado, la Procuradora General expresó que, aunque el tribunal de instancia se hubiera excedido en su discreción al desestimar el caso, ello no libera a la abogada de su responsabilidad por haber incumplido una orden del Tribunal y haber extraviado parte del expediente de la querellante. Reiteró que entiende que se infringieron los cánones 19 y 23, pues no hay evidencia de que la abogada le haya notificado a su clienta sobre la Sentencia de desestimación oportunamente y la abogada no entregó a la clienta el cheque que le pertenecía a ésta con la prontitud debida.

I

El Canon 18 del Código de Ética Profesional dispone, en su parte pertinente a este caso, que: "Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".[2] Esta obligación de diligencia supone que el abogado o la abogada se esmere durante todo el desarrollo del caso, pues la profesión legal es incompatible con la desidia y la despreocupación.[3] Hemos determinado que se incumple con este deber cuando no se contestan

_____

[2] 4 L.P.R.A. Ap. IX, C.18.

[3] *In re* Nieves Nieves, 181 D.P.R. 25, 37 (2011); *In re* De León Rodríguez, 173 D.P.R. 80, 88-89 (2008); *In re* Santos Rivera, 172 D.P.R. 703, 709 (2007); *In re* Pujol Thompson, 171 D.P.R. 683, 689 (2007).

planteamientos fundamentales, se ignoran las órdenes de los tribunales, se cometen errores crasos, se desatienden los trámites del caso y se permite que el caso sea desestimado sin realizar esfuerzos para evitarlo.[4]

Por otro lado, el Canon 19 establece, en lo pertinente, que: "El abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado".[5] No mantener informado al cliente es una de las violaciones más patentes a la obligación de los abogados y las abogadas de representar a sus clientes con fidelidad, lealtad y diligencia.[6] El Canon 19 requiere atender con prontitud las solicitudes de información y contestar las dudas del cliente sobre su caso y las gestiones realizadas por su representante, así como notificarle al cliente de cualquier incidencia importante sobre su caso y advertirle sobre los distintos cursos de acción posibles y los riesgos que conlleva cada alternativa.[7] La falta de notificación oportuna al cliente sobre una sentencia desfavorable constituye una violación a este deber.[8]

---

[4] *In re Rodríguez Villalba*, 160 D.P.R. 774, 780 (2003).

[5] 4 L.P.R.A. Ap. IX, C.19.

[6] *In re Nieves Rodríguez*, 172 D.P.R. 130, 134-135 (2007); *In re Laborde Freyre*, 159 D.P.R. 697, 701 (2003).

[7] *In re Alonso Santiago*, 165 D.P.R. 555, 563 (2005); *In re Hernández Santiago*, 159 D.P.R. 63, 67-68 (2003).

[8] *In re Acevedo Álvarez*, 143 D.P.R. 293, 298 (1997); Colón Prieto v. Géigel, 115 D.P.R. 232, 239-240 (1984).

Asimismo, el Canon 23, entre otros principios, dispone que: "La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen".[9] La dilación en la devolución de fondos pertenecientes al cliente, aun cuando el abogado o la abogada no tenga intención de apropiárselos, viola el Canon 23.[10]

## II

Este Tribunal nombra comisionados especiales que le ayuden en las tareas de recibir prueba y establecer determinaciones de hechos en casos disciplinarios contra abogados y abogadas. Los comisionados especiales rinden informes con recomendaciones sobre la sanción que entienden que amerita la falta de conducta profesional probada. Esos informes pueden ser adoptados, modificados o rechazados.[11] No obstante, debido a que el comisionado especial ejerce una función análoga a la de un juzgador de instancia en cuanto a la recopilación de la prueba y se encuentra en mejor posición para aquilatarla, le brindamos deferencia a sus conclusiones basadas en la

---

[9] 4 L.P.R.A. Ap. IX, C.23.

[10] *In re* Rivera Lozada, 176 D.P.R. 215, 227-228 (2009); *In re* Vázquez O'Neill, 121 D.P.R. 623, 627 (1988).

[11] *In re* Sepúlveda Casiano, 155 D.P.R. 193, 207 (2001); *In re* Soto López, 135 D.P.R. 642, 646 (1994).

evaluación de la prueba testifical, a no ser que se demuestre que están viciadas por pasión, prejuicio, parcialidad o error manifiesto.[12]

En este caso, el Comisionado Especial, luego de estudiar los testimonios en la vista tanto de la querellante como de la querellada, determinó que la licenciada Vega Quintana no incumplió su deber de mantener informada a su clienta y no retuvo indebidamente el cheque que le pertenecía a la señora Rodríguez Vilanova. Este Tribunal acoge las determinaciones del Comisionado en cuanto a los cargos por violación a los cánones 19 y 23.

Asimismo, el Comisionado concluyó que lo que realmente perjudicó a la querellante fue la desestimación del caso por parte del foro de instancia y que la actuación de la abogada al no presentar el proyecto de sentencia –inacción que provocó la desestimación– podría excusarse porque el tribunal podía dictar sentencia sin necesidad del proyecto y la desestimación era una sanción demasiado severa para un primer incumplimiento. El Comisionado tiene razón en que no era razonable la desestimación de la causa como primera sanción, menos aun cuando el caso ya estaba listo para resolución.[13] Sin

---

[12] *In re González Ortiz*, 162 D.P.R. 80, 85-86 (2004); *In re Semidey Morales*, 151 D.P.R. 842, 844 (2000); *In re Morales Soto*, 134 D.P.R. 1012, 1016 (1994).

[13] La Sentencia de Archivo señala que se desestimó el caso sin perjuicio según la Regla 39.1 de Procedimiento Civil, sobre desistimiento por orden del tribunal y debido a la inactividad en el caso. Sin embargo, entendemos que la

embargo, ello no es razón para eximir a la abogada.

Independientemente de la corrección de la actuación del tribunal, la licenciada Vega Quintana tenía el deber de cumplir con la orden de presentar el proyecto de sentencia y nunca lo hizo, ni dentro del término

---

regla aplicable era la 39.2. En las Reglas de Procedimiento Civil de 1979, vigentes cuando se atendió el caso de la querellante, la 39.2(a) leía: "Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él". 32 L.P.R.A. Ap. III, R. 39.2. No obstante, nuestra jurisprudencia aconsejaba que la desestimación del pleito no fuera la primera opción de los tribunales para lidiar con la inactividad en el trámite de los casos. Esto, para cumplir con la política pública de la Rama Judicial de que los casos se resolvieran en sus méritos y para que las partes no se vieran afectadas por actitudes irresponsables de sus representantes legales. *Véase* Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, Informe de Reglas de Procedimiento Civil, marzo de 2008, págs. 456-457. Por eso, la Regla 39.2(a) de 2009, equivalente a la anterior y vigente actualmente, lee: "Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término". 32 L.P.R.A. Ap. V, R. 39.2.

concedido ni tardíamente. Igualmente tenía el deber de intentar subsanar su error luego de recibir la sentencia desestimatoria, lo cual tampoco hizo. Simplemente, se desentendió del caso. Este descuido constituye una falta de diligencia inexcusable, en clara violación al Canon 18.

En casos por violación al Canon 18 hemos impuesto sanciones que van desde una censura hasta la suspensión de la profesión legal.[14] Cada situación presenta hechos particulares que hemos tomado en consideración para determinar la sanción adecuada, entre los que se encuentran: la buena reputación del abogado o la abogada, su historial de conducta, si ha aceptado su falta, si medió ánimo de lucro en su actuación, el perjuicio que causó su conducta y si resarció a su cliente.[15] En el caso de la licenciada Vega Quintana, tomamos en cuenta que esta es su primera falta en más de 19 años de práctica como abogada y más de 11 años como notaria; que aceptó que incumplió con lo ordenado por el foro de instancia por inadvertencia y pidió disculpas por ello; que, a pesar de que su incumplimiento fue sancionado con la desestimación sin perjuicio del caso, la querellante todavía tiene la oportunidad de volver a presentar su causa de acción, y que le ofreció a su clienta llevar su

---

[14] *In re* Maduro Classen, 137 D.P.R. 426 (1994), es un caso similar al presente. *Véase también In re* Rosario, 116 D.P.R. 462 (1985).

[15] *In re* Colón Morera, 172 D.P.R. 49, 59 (2007); *In re* Vélez Barlucea, 152 D.P.R. 298, 310-311 (2000).

caso nuevamente sin cobrar honorarios así como compensarle por el cheque de ésta que perdió.

En consideración de todo ello, estimamos que una censura enérgica a la licenciada Vega Quintana es sanción suficiente por no haber actuado con la diligencia debida al desatender la orden del Tribunal de Primera Instancia, afectando los intereses de su clienta. Además, se le ordena a la abogada pagar a la señora Rodríguez Vilanova la cantidad de $150, en sustitución del cheque a su favor que se extravió junto a parte del expediente de su caso. Deberá acreditar a este Tribunal que cumplió con dicha orden en un término de 20 días a partir de la fecha de notificación de esta Opinión *Per Curiam* y Sentencia. Se le apercibe que en el futuro deberá ser más diligente en la tramitación de las causas de sus clientes y deberá cumplir estrictamente con las disposiciones del Código de Ética Profesional.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Mónica Vega Quintana

CP-2011-08

SENTENCIA

En San Juan, Puerto Rico, a 29 de mayo de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se censura enérgicamente a la Lcda. Mónica Vega Quintana por no haber actuado con la diligencia debida. Además, se le ordena a la abogada pagar a la Sra. Gloria Rodríguez Vilanova la cantidad de $150, en sustitución del cheque a su favor que se extravió. Deberá acreditar a este Tribunal que cumplió con dicha orden en un término de 20 días a partir de la fecha de notificación de esta Opinión *Per Curiam* y Sentencia. Se le apercibe que en el futuro deberá ser más diligente en la tramitación de las causas de sus clientes y deberá cumplir estrictamente con las disposiciones del Código de Ética Profesional.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo