*In re* BENJAMÍN ANGUEIRA AGUIRRE, querellado.

*Número:* CP-2001-5          *Resuelto:* 28 de junio de 2002

*Hiram Torres Cuebas,* abogado del querellado; *Elí B. Arroyo,* comisionado especial; *Vanessa Lugo Flores, subprocuradora general,* y *Minnie H. Rodríguez López, procuradora general auxiliar; Benjamín Angueira Aguirre, pro se.*

PER CURIAM: Luego de presentadas varias quejas respecto al abogado de epígrafe, las remitimos al Procurador General para que rindiera el informe correspondiente. El informe tiene fecha de 5 de diciembre de 2000. El Lcdo. Benjamín Angueira Aguirre (en adelante licenciado Angueira Aguirre o querellado) contestó el 1ro de febrero de 2001.

El 28 de marzo de 2001, el Procurador General presentó la correspondiente querella contra el licenciado Angueira Aguirre. En ésta se le sometieron cuatro cargos por violación a los cánones del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El primero fue por alegadamente retener la cantidad de tres mil dólares ($3,000) por honorarios de abogado por labores no realizadas, en violación al Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El querellado había entregado a sus clientes un cheque por dos mil dólares ($2,000), el cual fue devuelto por fondos insuficientes, y luego otro por tres mil dólares ($3,000) que también fue devuelto por la misma razón. Finalmente, el querellado entregó tres giros de mil dólares ($1,000) cada uno.

El segundo cargo le imputó al querellado el haber retenido y dilatado la entrega de novecientos cuarenta y cinco dólares ($945) por servicios profesionales pagados pero no realizados, en violación al Canon 18 del Código de Ética Profesional, *supra*. En el tercer cargo, relacionado con los hechos del segundo cargo, se le imputó violación al Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al no mantener a su cliente informado y al demostrar una falta de accesibilidad respecto al cliente. El abogado alegadamente no contestaba las llamadas de la cliente a pesar de que ésta le dejaba mensajes con la secretaria. Finalmente, el cuarto cargo le imputó violación al Canon 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al no devolver diligentemente los honorarios entregados por sus clientes como adelanto de servicios profesionales que no fueron rendidos.

En su contestación a la querella,[1] el licenciado Angueira Aguirre explicó que los cheques devueltos por fondos insuficientes se debieron a que un paralegal que trabajaba en su oficina no había hecho las transferencias

---

[1] En ésta el querellado se refirió a su contestación al Informe del Procurador General para constatar sus defensas a los cargos imputados.

correspondientes para que la cuenta contara con los fondos suficientes. En cuanto a la retención de los novecientos cuarenta y cinco dólares ($945), el querellado alegó que hizo las gestiones por las que fue contratado: viajó desde San Juan a Ponce en varias ocasiones para reunirse con el hijo de la querellante, el cual era confinado de la institución Las Cucharas de Ponce. Alegó que luego de las entrevistas con el confinado, el estudio de la exposición narrativa de la prueba y el análisis del posible testimonio de un primo, entendió que no era posible solicitar nuevo juicio. Expresó, además, que estaría dispuesto a reembolsarle todo el dinero a la señora Rivera Bermúdez, pero que preferiría que se honraran los gastos incurridos en su gestión respecto al caso.

El 26 de junio de 2001 designamos a un comisionado especial para que oyera prueba y rindiera un informe. El informe se presentó ante nos el 25 de enero de 2002. En cuanto al primer cargo, el Comisionado expresó que el querellado prestó los servicios por los que fue contratado y, por lo tanto, no quedó probado el cargo.[2] Añadió que fue debido a un error en la dirección postal que los documentos del cliente estuvieron extraviados. La prueba estableció la prestación de los servicios requeridos.

En cuanto al segundo cargo, el Comisionado estimó que éste tampoco quedó probado.[3] Concluyó que el querellado efectuó las gestiones profesionales por las que fue contratado y que, por lo tanto, no incurrió en retención indebida de dinero.

El Comisionado Especial sólo encontró probado el tercer cargo imputado. Estimó que el licenciado Angueira Aguirre incurrió en violación al Canon 19 del Código de Ética Profesional, *supra*, al no mantener informado a su cliente, se-

---

[2] Debido a que el cuarto cargo estaba relacionado con el primero, tampoco se probó el cuarto cargo respecto a los Sres. Yahaira Sanabria y Miguel Otero.

[3] Debido a que el cuarto cargo estaba relacionado con el segundo, tampoco se probó el cuarto cargo respecto a la señora Rivera Bermúdez.

gún los casos *In re Grau Díaz*, 154 D.P.R. 70 (2001); *In re Semidey Morales*, 151 D.P.R. 842 (2000), e *In re Maduro Classen*, 142 D.P.R. 611, 618 (1997). La señora Rivera Bermúdez no logró entablar comunicación con el licenciado Angueira Aguirre luego de éste recibir los novencientos cuarenta y cinco dólares ($945) de adelanto por sus servicios profesionales. La señora Rivera Martínez trató en innumerables ocasiones de comunicarse con el querellado, dejando mensajes con su secretaria, sin éxito alguno.

Hemos tomado en consideración que el licenciado Angueira Aguirre fue apercibido por este Tribunal, mediante una Resolución de 10 de agosto de 2001, precisamente por una queja presentada en su contra sobre una violación al citado Canon 19 por no mantener a su cliente debidamente informado.[4] Adoptando lo expresado por el Comisionado Especial, y considerando lo antes expuesto, *procedemos a censurar la actuación del licenciado Angueira Aguirre y a apercibirle que de incurrir en este tipo de violación ética en el futuro, seremos más severos en la imposición de sanciones disciplinarias. Se ordena el archivo de esta queja.*

*Se emitirá la correspondiente sentencia.*

Los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez no intervinieron.

---

[4] La queja fue archivada, pero no sin antes haber apercibido al licenciado Angueira Aguirre sobre su deber profesional como abogado bajo el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.