*In re* MIGUEL A. LABORDE FREYRE.

*Número:* AB-2002-236          *Resuelto:* 27 de junio de 2003

*Roberto Sánchez Ramos,* procurador general, e *Yvonne Casanova Pelosi,* procuradora general auxiliar, en informe; *Miguel A. Laborde Freyre, pro se.*

PER CURIAM: La querella de epígrafe tiene su génesis en una demanda por cobro de dinero y ejecución de hipoteca presentada contra la querellante de autos. En síntesis, se le requería a la Sra. Carmen G. Jiménez Delgado que satisficiera la cantidad de diez mil dólares. La querellante contrató los servicios del Lic. Miguel A. Laborde Freyre para que la representara. La principal defensa de la señora Jiménez Delgado consistía de una serie de recibos que evidenciaban que ella había pagado la cantidad de ocho mil setecientos ochenta y siete dólares, por lo que sólo adeu-

daba la cantidad de mil doscientos trece dólares. Luego de que el licenciado Laborde Freyre contestó la demanda, desatendió diversas órdenes del tribunal que le valieron a la querellante varias sanciones.

A pesar de que al licenciado Laborde Freyre se le entregaron los recibos con suficiente tiempo, éste no hizo descubrimiento de prueba; fue sancionado en varias ocasiones por desatender el caso; no se reunió con el abogado de la otra parte para preparar el Informe de Conferencia con Antelación al Juicio, entre otras actuaciones, lo que provocó que el Tribunal de Primera Instancia eliminara las alegaciones de la demandada y le anotara la rebeldía. Durante todo este proceso sólo se reunió una vez con la querellante.

Como consecuencia de la anotación de rebeldía, la demandada no pudo presentar en evidencia los recibos que acreditaban que sólo debía la cantidad de $1,213. Fue sentenciada a pagar las cantidades reclamadas por la parte demandante más $1,000 en honorarios de abogado. Para evitar la ejecución de la hipoteca por la vía legal, la señora Jiménez Delgado satisfizo la totalidad de la sentencia en su contra.

La querellante instó una reclamación por daños y perjuicios contra el aquí querellado por su inadecuada representación legal. Éste no compareció a los procedimientos, no obstante se le emplazara adecuadamente, por lo que, nuevamente, le fue anotada la rebeldía. Además, la querellante declaró que adicional a la sentencia que recayó en su contra, pagó mil quinientos dólares al licenciado Laborde Freyre por concepto de sus honorarios, setecientos dólares al perito calígrafo Onofre Jusino, y mil dólares en honorarios al Lic. Andrés Pérez Brasa, quien la representara después que se dictó la rebeldía en su contra en el caso en que el licenciado Laborde Freyre la representó.

El Tribunal de Primera Instancia concluyó que la actuación del licenciado Laborde se caracterizó por ser descui-

dada y negligente en el cumplimiento de sus obligaciones como abogado, en perjuicio de los mejores intereses de su cliente. Tampoco mantuvo informada a su cliente sobre las incidencias del caso. Como factor agravante mencionó que el licenciado Laborde ofreció resarcir económicamente a la señora Jiménez Delgado, pero jamás cumplió con lo ofrecido. En rebeldía, el tribunal lo condenó a pagar a la señora Jiménez Delgado la cantidad de veinte mil dólares y notificó copia de su sentencia a este Foro y al Comité de Ética del Colegio de Abogados de Puerto Rico.

Ordenamos al Procurador General investigar e informarnos sus resultados, los cuales hemos examinado, así como las expresiones del licenciado Laborde Freyre en torno al informe del Procurador General. El licenciado acepta los hechos aquí reseñados.

El Procurador General aporta, además de lo ya relatado, que finalmente el licenciado Laborde Freyre resarció a la señora Jiménez Delgado a la entera satisfacción de ésta, por lo que la querellante no tiene interés ulterior en el caso.

## II

■  Los cánones del Código de Ética Profesional imponen a los abogados el deber de ejercer su función con honradez y sinceridad, exaltando los valores de dignidad y honor de la profesión. Su desempeño debe ser siempre adecuado, responsable, capaz y efectivo. Véase *In re Collazo I*, 159 D.P.R. 141 (2003).

■  Con sus actuaciones negligentes, el licenciado Laborde Freyre permitió que se eliminaran las alegaciones de su representada, se le anotara la rebeldía, se viera expuesta a varias sanciones, se le impidiera presentar la evidencia que la exoneraría de gran parte de la sentencia. A pesar de que al advenir en conocimiento de la sentencia adversa le expresó a la querellante, como él mismo admite,

que intentaría revisarla por encontrarla altamente injusta, no dio curso al trámite apelativo. Es evidente que incurrió en violaciones al Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual dispone lo siguiente, en la parte que nos es pertinente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Véanse, además: *In re Laborde Freyre*, 149 D.P.R. 59 (1999); *In re Cardona Ubiñas*, 156 D.P.R. 340 (2002); *In re Ortiz Velázquez*, 145 D.P.R. 308 (1998).

El Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, a su vez, le impone al abogado mantener a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. El deber de informar al cliente es un elemento imprescindible de la relación fiduciaria entre el abogado y su cliente. *In re Hernández Nazario*, 159 D.P.R. 63 (2003). La actuación del abogado de mantener ajena a la querellante de las incidencias de su caso constituye una lesión a este canon y al proceso general de impartir justicia.

Aunque ya indemnizó a la querellante por los daños que sufrió a causa de su negligencia, lo hizo después de que aquélla tuviera que recurrir a una acción judicial en solicitud de tal remedio. En su comparecencia, el mencionado abogado no justifica adecuadamente su demora en indemnizar a la querellante tan pronto ocurrió el daño, obligando a ésta a recurrir a los tribunales. Tal omisión constituye un agravante de su conducta profesional. Su conducta es demostrativa de desidia, despreocupación, inacción y displicencia en el descargo de sus obligaciones éticas, que trasciende tanto su caso como el de sus clientes.

## III

En atención a todo lo previamente expuesto y por considerar que la actuación grave del abogado violó los Cánones 18 y 19 del Código de Ética Profesional, *supra*, menoscabó la confianza depositada en él y la imagen de la profesión legal en general, *se ordena la suspensión inmediata por un término de dos meses del Lic. Miguel A. Laborde Freyre del ejercicio de la abogacía.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no interviene.