EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | Queja |
|---|---|
| In re: | 2003 TSPR 126 |
| Miguel A. Laborde Freyre | 159 DPR _____ |

Número del Caso: AB-2002-236

Fecha: 27 de junio de 2003

Oficina del Procurador General:

> Lcda. Yvonne Casanova Pelosi
> Procuradora General Auxiliar

Abogado de la Parte Querellada:
> Por Derecho Propio

Materia: Conducta Profesional
> (La suspensión será efectiva una vez advenga final y firme la Sentencia, conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Laborde Freyre

AB-2002-236          Conducta
                     Profesional

PER CURIAM

San Juan, Puerto Rico, a 27 de junio de 2003

La querella de epígrafe tiene su génesis en una demanda en cobro de dinero y ejecución de hipoteca presentada contra la querellante de autos. En síntesis, se le requería a la Sra. Carmen G. Jiménez Delgado que satisficiera la cantidad de diez mil dólares ($10,000). La querellante contrató los servicios del Lic. Miguel A. Laborde Freyre para que la representara. La principal defensa de la Sra. Jiménez Delgado consistía de una serie de recibos que evidenciaban que ella había pagado la cantidad de ocho mil setecientos ochenta y siete dólares ($8,787), por lo que sólo adeudaba la

la cantidad de mil doscientos trece dólares ($1,213). Luego de que el Lic. Laborde Freyre contestara la demanda, desatendió diversas órdenes del tribunal que le valieron a la querellante varias sanciones.

A pesar de que los recibos fueron entregados al Lic. Laborde Freyre con suficiente tiempo, éste no hizo descubrimiento de prueba, fue sancionado en varias ocasiones por desatender el caso, no se reunió con el abogado de la otra parte para preparar el informe de Conferencia con antelación al juicio, entre otras actuaciones, que provocaron que el Tribunal de Primera Instancia eliminara las alegaciones de la demandada y le anotara la rebeldía. Durante todo este proceso sólo se reunió una vez con la querellante.

Como consecuencia de la anotación de rebeldía, la demandada no pudo presentar en evidencia los recibos que acreditaban que sólo debía la cantidad de $1,213. Fue sentenciada a pagar las cantidades reclamadas por la parte demandante más $1,000 en honorarios de abogado. Para evitar la ejecución de la hipoteca por la vía legal, la Sra. Jiménez Delgado satisfizo la totalidad de la sentencia en su contra.

La querellante instó una reclamación en daños y perjuicios contra el aquí querellado por su inadecuada representación legal. Éste no compareció a los procedimientos, no obstante se le emplazara adecuadamente,

por lo que, nuevamente, le fue anotada la rebeldía. Además, la querellante declaró que adicional a la sentencia que recayó en su contra, pagó mil quinientos dólares ($1,500) al Lic. Laborde Freyre por concepto de sus honorarios, setecientos ($700) al perito calígrafo Onofre Jusino y mil ($1,000) en honorarios al licenciado Andrés Pérez Brasa quien la representara con posterioridad a dictarse la rebeldía en su contra en el caso en que fue representada por el Lic. Laborde Freyre.

El Tribunal de Primera Instancia concluyó que la actuación del Lic. Laborde se caracterizó por ser una de descuido y negligencia en el cumplimiento de sus obligaciones como abogado, en perjuicio de los mejores intereses de su cliente. Tampoco mantuvo informada a su cliente sobre las incidencias del caso. Como factor agravante mencionó que el Lic. Laborde ofreció resarcir económicamente a la Sra. Jiménez Delgado, pero jamás cumplió lo ofrecido. En rebeldía lo condenó a pagar a la Sra. Jiménez Delgado la cantidad de veinte mil dólares ($20,000) y notificó copia de su sentencia a este Foro y al Comité de Ética del Colegio de Abogados de Puerto Rico.

Ordenamos al Procurador General investigar e informarnos sus resultados, los cuales hemos examinado, así como las expresiones del Lic. Laborde Freyre en torno al informe del señor Procurador General. Éste acepta los hechos aquí reseñados.

El Señor Procurador General aporta, además de lo ya relatado, que finalmente el Lic. Laborde Freyre resarció a la Sra. Jiménez Delgado a la entera satisfacción de ésta, por lo que la querellante no tiene interés ulterior en el caso.

II

Los Cánones de Ética Profesional imponen a los abogados el deber de ejercer su función con honradez y sinceridad, exaltando los valores de dignidad y honor de la profesión. Su desempeño debe ser siempre adecuado, responsable, capaz y efectivo. Véase In Re: Héctor Collazo Maldonado y Nelson Rivera Cabrera, Res. el 3 de abril de 2003, 2003 T.S.P.R. 76.

Con sus actuaciones negligentes el Lic. Laborde permitió que se eliminaran las alegaciones de su representada, que se le anotara la rebeldía, se viera expuesta a varias sanciones, se le impidiera presentar la evidencia que la exoneraría de gran parte de la sentencia. A pesar de que al advenir en conocimiento de la sentencia adversa le expresó a la querellante, como él mismo admite, que intentaría revisarla por encontrarla altamente injusta, no dio curso al trámite apelativo. Es evidente que incurrió en violaciones al Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual dispone lo siguiente, en la parte que nos es pertinente:

> Será impropio de un abogado asumir una representación profesional cuando esté consciente de que no puede

rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a cliente a la administración de la justicia.

Es deber del abogado es defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Véase además In Re: Laborde Freyre, Res. el 12 de julio de 1999, 99 T.S.P.R 124; In Re: Cardona Ubiñas, Res. el 15 de marzo de 2002, 2002 T.S.P.R 48; In Re: Ortiz Velázquez, 145 D.P.R. 308.

El Canon 19, 4 L.P.R.A. Ap. IX, a su vez impone al abogado mantener a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. El deber de informar al cliente es un elemento imprescindible de la relación fiduciaria del abogado y el cliente. In Re: Héctor M. Hernández Nazario, Louis De Mier-Le Blanc, Res. el 28 de marzo de 2003, 2003 T.S.P.R 45. La actuación del abogado de mantener ajena a la querellante de las incidencias de su caso constituye una lesión a este canon y al proceso general de impartir justicia.

Aunque ya indemnizó a la querellante de los daños sufridos por ésta a causa de su negligencia, fue después de que aquélla tuviera que recurrir a una acción judicial en solicitud de tal remedio. En su comparecencia, el mencionado abogado no justifica adecuadamente su demora en

indemnizar a dicha querellante tan pronto ocurrió el daño, obligando a ésta a recurrir a los tribunales.  Tal omisión constituye un agravante de su conducta profesional.  La misma es demostrativa de desidia, despreocupación, inacción y displicencia en el descargo de sus obligaciones éticas que trasciende tanto su caso como el de sus clientes.

### III

En atención a todo lo previamente expuesto y por considerar que la actuación grave del abogado violó los Cánones 18 y 19 de Ética Profesional, menoscabó la confianza en él depositada y la imagen de la profesión legal en general, se ordena la suspensión inmediata por un término de dos (2) meses del Lic. Miguel A. Laborde Freyre del ejercicio de la abogacía.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Miguel A. Laborde Freyre

                              AB-2002-236    Conducta
                                             Profesional



                              SENTENCIA


San Juan, Puerto Rico, a 27 de junio de 2003


        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia y se suspende inmediatamente y por el término de dos (2) meses al Lcdo. Miguel A. Laborde Freyre del ejercicio de la profesión legal, contados a partir de la notificación de la presente Opinión y hasta tanto otra cosa disponga este Tribunal.

        EL Tribunal le impone al Lcdo. Laborde Freyre el deber de notificar a todos sus clientes de su actual inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe acerca de su suspensión a los distintos foros judiciales y administrativos del país. Además tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, contados a partir de la notificación de la presente, que se cumplió con lo antes señalado. El cumplimiento con estos deberes deberá ser notificado también al Procurador General.

Así lo pronunció y lo manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no interviene.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo